IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANICE THOMPSON<br>8112 Verre Road, Apt B-301<br>Philadelphia, PA 19111 | CIVIL ACTION |
| Plaintiff, | No. _____ |
| v. | |
| WINNRESIDENTIAL LIMITED<br>PARTNERSHIP<br>Six Faneuil Hall Marketplace<br>Boston, MA 02109<br>and<br>WINNCOMPANIES, INC.<br>Six Faneuil Hall Marketplace<br>Boston, MA 02109<br>and<br>MARISOL RIVERA<br>c/o WinnCompanies, Inc.<br>Six Faneuil Hall Marketplace<br>Boston, MA 02109<br>and<br>ISAAC KING<br>c/o WinnCompanies, Inc.<br>Six Faneuil Hall Marketplace<br>Boston, MA 02109 | **JURY TRIAL DEMANDED** |
| Defendant. | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Janice Thompson (hereinafter referred to as "Plaintiff," unless indicated otherwise) against WinnResidential Limited Partnership, WinnCompanies, Inc., Marisol Rivera, and Isaac King (hereinafter collectively referred to as "Defendants" unless indicated otherwise) for violations of 42 U.S.C. § 1981 and the New Jersey

Law against Discrimination ("NJLAD" – N.J.S.A. 10:5-12). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.   This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a) (4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.   This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4.   Pursuant to 28 U.S.C. § 1391 (b) (1) and (b) (2), venue is properly laid in this district because Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the District of New Jersey.

## PARTIES

5.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.   Plaintiff is an adult, black, African-American female.

7.   Defendant WinnResidential Limited Partnership is a business entity that engages in the management of residential properties.

2

8. Defendant WinnCompanies, Inc. is a business entity that engages in the business of managing properties.[1]

9. Defendant Marisol Rivera ("Defendant Rivera") was at all times relevant herein a high-level manager and operator of Defendant Entities who was responsible for overseeing, managing, and terminating employees (including Plaintiff).

10. Defendant Isaac King ("Defendant King") was at all times relevant herein a high-level manager and operator of Defendant Entities who was responsible for overseeing, managing, and terminating employees (including Plaintiff).[2]

11. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendant Entities are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

12. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[1] Defendants WinnCompanies, Inc. and WinnResidential Limited Partnership will hereinafter collectively be referred to as "Defendant Entities" unless otherwise specified.

[2] Defendants Marisol Rivera and Isaac King will hereinafter be collectively referred to as "Defendant Individuals" unless otherwise specified.

14. Plaintiff was hired by Defendant Entities as an assistant manager in or about January 2013.

15. Plaintiff worked at Defendants' Trenton, New Jersey location.

16. Throughout Plaintiff's employment with Defendant Entities, Defendant Rivera directly supervised Plaintiff.

17. Defendant Rivera made inappropriate and racially discriminatory comments to Plaintiff throughout her employment including but not limited to using the word "nigger" and issuing pretextual discipline to Plaintiff that was not issued to non-black employees.

18. In or about July 2013, Plaintiff complained of Defendant Rivera's discriminatory treatment to Defendant King.

19. After Plaintiff's aforementioned complaint of discriminatory treatment, she began to be isolated and ostracized by members of Defendants' management, including but not limited to Defendant Individuals.

20. In or about September 2013, Plaintiff discussed with Defendant King taking a maternity leave.

21. Defendant King told Plaintiff that she could take six (6) weeks off of work for maternity leave and conclusively assured her that her position would remain open until she returned and in fact that if she took such time she would be returned to her job.

22. Plaintiff went on maternity leave beginning on or about September 26, 2013.

23. Approximately four (4) weeks into Plaintiff's maternity leave, she received a letter from Defendants' human resources department stating that she was not eligible for leave pursuant to the Family Medical Leave Act and that her position had been filled despite having

4

been given the clear and unequivocal assurance her job would remain open and that she would be reinstated if she took such leave.

24. Plaintiff contacted Defendant King to inquire about her position, who told her that her position had been filled but to supply him with a resume so that he could place her in another open position.

25. Upon information and belief, Plaintiff's position was not actually filled as no other assistant manager had been hired to do Plaintiff's job. In fact, Plaintiff could have been reinstated at any point to her job during her maternity leave or shortly thereafter.

26. Plaintiff did submit a resume to Defendant King, but she was never considered for another position despite that there were other available positions according to King.

27. Plaintiff was assured that her maternity leave would not affect her job with Defendants but was terminated for an entirely untrue reason in close proximity to her complaints of racial discrimination.

28. Plaintiff believes and therefore avers that Defendants' proffered reason for termination was entirely pretextual and that she was actually terminated (and not reinstated to her job or another similar position) because of her complaints of discrimination.

## Count I
### Violations of 42 U.S.C. § 1981
**[1] Retaliation and [2] Hostile Work Environment**
**- Against All Defendants -**

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Plaintiff was treated differently from her non-black coworkers by Defendant Rivera.

31. Defendant Rivera's harassment of Plaintiff was severe and pervasive (creating a hostile work environment), which prompted Plaintiff to complain to higher-level managers in advance of Plaintiff's maternity leave and termination from Defendants.

32. Plaintiff believes that she was terminated because her adamant complaints of discrimination.

33. Plaintiff was assured that she could go on maternity leave without negative consequences and with a sure job to return to but was then told that she had been terminated because her position had been filled while on that very same maternity leave.

34. Defendants had not filled Plaintiff's position when she was terminated, and Plaintiff could have returned earlier if not given false assurances of a sure job upon return.

35. Plaintiff therefore believes that she was terminated because of her complaints of discrimination.

36. Defendants also failed to reinstate or rehire Plaintiff because she complained of discrimination to other job positions when she was told to resubmit her resume (despite Defendants being well aware of Plaintiff's qualifications already).

37. These actions as aforesaid constitute unlawful retaliation and an unlawful hostile work environment under the NJ LAD.

### COUNT II
### Violations of the New Jersey Law against Discrimination ("NJ LAD")
### [1] Retaliation and [2] Hostile Work Environment

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiff re-asserts and re-alleges each and every assertion as set forth in Count I of this Complaint as they constitute identical violations of the NJ LAD.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: April 24, 2014